IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANTHONY COMPTON                                                                                           PLAINTIFF

V.                                               CASE NO. 07-CV-1002

SHERIFF JAMES ROBINSON;
JAIL ADMINISTRATOR DAVID OLIVER;
and JAILER WILLIE REED                                                                                DEFENDANTS

### ORDER

Before the Court is the Report and Recommendation filed May 19, 2008, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 38). Motions for summary judgment were filed on behalf of all named Defendants. The Court denied all motions for summary judgment, and an evidentiary hearing was held on April 23, 2008. Following this evidentiary hearing, Judge Bryant filed the Report and Recommendation at issue, in which he recommended that judgment be entered in defendants' favor and that Plaintiff's *pro se* § 1983 civil rights complaint be dismissed with prejudice. (Doc. 38). Plaintiff Compton has responded with timely objections. (Docs. 40 and 41). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

In his objections to the Report and Recommendation, Compton states that "my Eighth Amendment rights [were] violated by the conditions of my confinement at Ashley County Detention Center." (Doc. 41). Compton further states that he was subjected to excessive force and that the Court should "consider the conditions of confinement as a whole because several deprivations in

combination may constitute a ... violation [of the Constitution]." (Doc. 42). Compton disagrees that his claims against Defendants should be dismissed.

Upon review, the Court agrees with Judge Bryant that "Compton has failed to establish that he was subjected to conditions of confinement sufficiently severe to violate the Eighth Amendment." (Doc. 38, pg. 18). Compton was shackled after he set off the sprinkler in his cell. Compton testified that, for two weeks, his legs were shackled and that cuffs around his ankles were shackled to the floor so that he could not reach the toilet in his cell. However, the witnesses called by Compton testified that they had no personal knowledge about the conditions under which Compton was confined. Moreover, Defendants Reed, Oliver, and Baker all testified that Compton had four to four and one-half feet of chain and that he could reach the toilet in his cell. Both Reed and Baker testified that after Compton was shackled, he made threats toward them and other staff members.

Judge Bryant correctly noted in his Report and Recommendation that the use of restraints does not itself violate the Constitution. *See e.g., Key v. McKinney*, 176 F.3d 1083, 1086. "Restraints on an inmate do not violate the [Eighth] [A]mendment unless they are 'totally without penological justification,' 'grossly disproportionate,' or 'involve the unnecessary and wanton infliction of pain.'" *See Smith v. Coughlin*, 748 F.2d 783, 787 (2d Cir. 1984) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S. Ct. 2392 (1980)). In this case, there were legitimate penological reasons for utilizing the physical restraints. Compton's hands were free and he had sufficient length of chain to reach the toilet in the cell and lay down. He could also move around the cell within the constraints of the shackles and four foot chain. Compton had access to running water, was fed three meals a day, and was checked on regularly. There is no evidence here of any deliberate indifference or wanton conduct, which must be present to prove an Eighth Amendment violation. *See Revels v. Vincenz*,

382 F.3d 870, 875 (8th Cir. 2004); *Coughlin*, 748 F.2d at 787.  Moreover, there is no evidence that Compton suffered any physical injury as the result of being shackled ,and Compton testified that he did not need medical attention for any alleged injuries.

For reasons stated herein and above, as well as those contained in Judge Bryant's Report and Recommendation (Doc. 42), Plaintiff Compton's claims against all Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 10th day of September, 2008.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge